# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| W. WILLIAM LEAPHART, Guardian *Ad Litem* for JEREMY PAUL VANGSNES,<br><br>      Plaintiff,<br><br>  vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, CONTINENTAL CASUALTY COMPANY, and MIKE McNABB, AN ADJUSTER AND AGENT OF CONTINENTAL CASUALTY COMPANY,<br><br>      Defendant. | **CV-15-106-GF-BMM**<br><br><br><br>O<small>RDER</small> |

## I. Background

W. William Leaphart filed a Complaint in the Eight Judicial District Court for the County of Cascade County as Guardian *Ad Litem* for Jeremy Paul Vangsnes. (Doc. 7.) Leaphart alleges that Defendants National Union Fire Insurance Company of Pittsburgh, Continental Casualty Company, and Mike

1

McNabb engaged in bad faith conduct when they promptly failed to address and settle claims where liability had become reasonably clear. *Id.*

Defendants removed the case to this Court based on diversity jurisdiction. (Doc. 1.) Leaphart filed a Motion to Remand based on its claim that Defendants have violated the forum defendant rule. (Doc. 8) Leaphart also requests attorneys' fees and costs. Defendants allege that Leaphart fraudulently joined Defendant McNabb as a party to defeat diversity jurisdiction. *Id.* McNabb also has filed a motion to dismiss Leaphart's claim against him for failure to plead sufficient facts to state a claim. (Doc. 2.)

## II. Discussion

The Court strictly construes the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if any doubt as to the right of removal exists. *Id.* The defendant must establish that removal is proper. *Id.*

Leaphart argues that the Court should remand the case based on the forum defendant rule. The forum defendant rule provides that a defendant may remove a case based on diversity only when no properly joined and served defendant represents a citizen of the State where such action has been brought. *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004).

The forum defendant rule reflects the belief that less prejudice should exist against a local defendant making federal diversity jurisdiction unnecessary. *Id.* The presence of a local defendant bars removal. 28 U.S.C. § 1441(b). Defendants admit that McNabb qualifies as "a resident and citizen of the State of Montana." (Doc. 1 at 4.) McNabb's presence invokes the forum defendant rule. *Spencer*, 393 F.3d at 870.

Defendants argue that the forum defendant rule should not apply. An exception to the forum defendant rule exists where a Plaintiff fraudulently joins a local defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Defendants assert that Leaphart fraudulently joined McNabb to defeat diversity. Defendant must prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp*, 494 F.3d 1203, 1206 (9th Cir. 2007).

A. Notice of Removal

Leaphart argues that Defendants must allege facts in their notice of removal to prove fraudulent joinder. The Ninth Circuit declined to address the issue of fraudulent joinder when the petition for removal alleged only "mere conclusions" of fraudulent joinder and failed to allege any factual allegations. *Smith v. S. Pac. Co.*, 187 F.2d 397, 400 (9th Cir. 1951.) Defendants' notice of removal similarly contains no factual allegations of fraudulent joinder. Defendants merely conclude

3

that Leaphart joined McNabb "as a party to improperly defeat diversity jurisdiction." (Doc. 1 at 5.)

Defendants argue that *Smith* fails to reflect the effect of the 1988 amendments to Title 28. These amendments simplified the notice of removal requirements. 14C Wright & A. Miller, Fed. Prac. & Proc. § 3733 (4th ed.). Defendants argue that federal courts since have employed a less exacting standard to notices of removal. Removal procedure required "a short and plain statement *of the facts*" before the 1988 revision. 14C Wright & A. Miller, Fed. Prac. & Proc. § 3733 (4th ed.) (emphasis added). Section 1446(a) now only requires "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. Defendants contend that the Court should consider the entire record, rather than limit its view to the removal petition.

Federal courts have allowed a defendant to allege fraudulent joinder in a notice of removal and subsequently provide factual support for removal. *See Mendrop v. Shelter Mut. Ins. Co.*, 2006 WL 2246429, at *2-4 (N.D. Miss. Aug. 4, 2006); *Rouse v. State Farm Mut. Auto Ins. Co.*, 2015 WL 3849648, *4 n. 5 (M.D. N.C. June 22, 2015); *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008). The plaintiffs in *Mendrop* argued that the case should be remanded based on pleading deficiencies. *Mendrop*, 2006 WL 2246429 at *2. The plaintiffs claimed that the notice of removal contained a "conclusory assertion of

4

fraudulent joinder." *Id.* at *3. The court looked outside the notice of removal and considered statements in a responsive pleading to a motion to remand. *Id.* at *4. The court reasoned that "looking to the record as a whole" appeared to be the "most sagacious course." *Id.*

Defendants alleged fraudulent joinder when they filed their notice of removal. (Doc. 1 at 5.) The Defendants have supported their claim of fraudulent joinder with a subsequent submission. (Doc. 17.) The subsequent submission, in the form of a response brief, provides factual allegations that support Defendants' fraudulent joinder argument. It seems a "better rule . . . that detailed grounds for removal need not be set forth in the notice." 14C Wright & A. Miller, Fed. Prac. & Proc. § 3733 (4th ed.). The Court declines to remand on the basis that asserted defects exist in the notice of removal.

### B. Failure to State a Claim

The Court should find fraudulent joinder where the plaintiff has failed to "state a cause of action against a resident defendant." *Hunter*, 582 F.3d at 1043. The failure must be obvious according to the "settled rules of the state." *Id.* The Court must look at the complaint in a light most favorable to the plaintiff. *Otani v. State Farm Fire and Cas. Co.*, 117 F.3d 1425 (9th Cir. 1997).

Defendants argue that Leaphart has failed to state a cause of action against McNabb, the resident defendant. The Complaint alleges that McNabb committed bad faith by violating Montana Code Annotated § 33–18–201(13).

Montana Code Annotated § 33–18–201(13) prohibits a person from failing to "promptly settle claims" when liability has become "reasonably clear" under the insurance policy. Montana courts have recognized that claims under § 33–18–201 can be brought against claim adjusters, not just insurers. *O'Fallon v. Farmers Ins. Exch.*, 859 P.2d 1008, 1014 (Mont. 1993); *Soanes v. Carolina Cas. Ins. Co.*, CV 10-46-BU-RWA, 2010 WL 5607045, at *2 (D. Mont. Nov. 10, 2010) <u>reported and recommendation adopted</u>, CV-10-46-BU-RFC, 2011 WL 176843 (D. Mont. Jan. 19, 2011). Claims against individuals require, however, that the defendant commit the unfair trade practice "with such frequency as to indicate a general business practice." Mont. Code. Ann § 33–18–201; *Strizic v. N.W. Corp.*, CV 14-40-H-CCL, 2015 WL 1275404, at *2 (D. Mont. Mar. 19, 2015). Plaintiffs can establish that violations indicate a general business practice by showing that multiple violations occurred in one claim or violations occurred by the same company in different cases. *Cook v. Principal Mut. Life Ins. Co.*, 784 F. Supp. 1513, 1518 (D. Mont. 1990). Defendants allege that Leaphart has failed to allege facts that show that McNabb's conduct represented a general business practice.

6

The Court must determine whether Leaphart has pled a claim for which McNabb could face liability. The Complaint alleges that McNabb engaged in common law bad faith while acting as an agent for Continental Casualty Company ("CCC") and National Union Fire Insurance. (Doc. 7 at 1.) The Complaint states that McNabb "acted in this manner as a general business practice." *Id.* at 2. The Complaint factually describes at least one instance where McNabb allegedly failed to settle a claim despite reasonably clear liability under the insurance policy. *Id.* at *3. Leaphart alleges that McNabb "refused to pay CCC's $1,000,0000 policy limit unless the Plaintiff accepted a small portion of National Union's $25,000 policy limit in full settlement of the claim." (Doc. 7 at 3.)

The court in *Strizic* determined that a defendant had been joined fraudulently when the complaint contained "no allegation that [the defendant's] acts were of such frequency as to indicate a general business practice." *Id.* at *2. The court noted that the plaintiff had failed to allege that the defendant acted as a claims adjuster. *Id.* Leaphart, in contrast, has alleged that McNabb acted as a claims adjuster. Leaphart also has alleged that McNabb's conduct occurred as a general business practice.

Plaintiffs can establish that violations indicate a general business practice by showing that multiple violations occurred in one claim or violations occurred by the same company in different cases. *Cook*, 784 F. Supp. at 1518. Leaphart may

7

obtain proof of violations that show a general business practice from other attorneys, claimants, or people having knowledge of the company's general business practice. *Klaudt v. State Farm Mut. Auto Ins. Co.*, 658 P.2d 1065, 1068 (Mont. 1983). Leaphart could obtain proof of other violations after the pleadings stage, through discovery.

Looking at the Complaint in a light most favorable to the plaintiff, Leaphart has alleged sufficient facts to state a claim that McNabb engaged in unfair claim settlement practices. The settled law of Montana does not clearly prohibit a cause of action against McNabb. Leaphart has not failed obviously to state a cause of action against McNabb. Defendants have failed to show by clear and convincing evidence that Leaphart's joinder of McNabb should be deemed fraudulent. The forum defendant rule bars removal. 28 U.S.C. § 1441(b).

Leaphart also requests that the Court award him attorneys' fees and costs. Courts should award attorneys' fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Defendants had an objectively reasonable basis to seek removal. Plaintiffs request for fees should be denied. *Id.*

Accordingly, **IT IS ORDERED** that:

1. Leaphart's Motion to Remand (Doc. 8) is **GRANTED**. Leaphart's Request for Attorneys' Fees and Costs (Doc. 8) is **DENIED**.

2. Defendant Mike McNabb's Motion to Dismiss for Failure to State a Claim (Doc. 2) is **DENIED** as moot.

3. Motion for Brian W. Walsh to Appear Pro Hac Vice (Doc. 11) is **DENIED** as moot.

DATED this 7th Day of January, 2015

Brian Morris
United States District Court Judge